In re the MARRIAGE OF Todd J. WILLIAMS and Barbara J. Williams.

Upon the Petition of Todd J. Williams, Appellant,

And Concerning Barbara J. Williams, Appellee.

No. 98–319.

Court of Appeals of Iowa.

Dec. 28, 1998.

---

A.W. Tauke of Porter, Tauke & Ebke, Council Bluffs, for appellant.

Robert Kohorst of the Kohorst Law Firm, Harlan, for appellee.

Heard by SACKETT, C.J., and HUITINK, STREIT, VOGEL and MAHAN, JJ.

VOGEL, J.

Todd Williams appeals the child custody provisions in the parties' dissolution decree. We affirm.

***Background facts.*** Todd and Barbara Williams were married in June of 1984. Two

children were born to the marriage, Tyler in 1986 and Garrett in 1990. During the marriage, the family lived on a farmstead owned by Todd's parents in Oakland, Iowa. Todd farmed his parents' land with his brother, sold seed corn through his own corporation, and sold insurance for his parents' agency. Barbara worked part-time in restaurants at the beginning of the marriage, but quit to stay home full-time after the children were born. In January of 1996, Barbara began working full-time at a casino in Council Bluffs. The parties separated in June of 1996 and Todd filed a petition for dissolution. After trial, the district court granted the parties joint custody of the children, with Barbara designated as the primary care parent. Todd now appeals.

■ *Scope of review.* In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 453 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

■ *I. Primary physical care.* In assessing an issue of child custody, the controlling consideration is the interest of the children. *In re Purscell*, 544 N.W.2d 466, 468 (Iowa App.1995). The court determines placement according to which parent can minister more effectively to the children's long range best interests. *In re Marriage of Buttrey*, 538 N.W.2d 322, 324 (Iowa App. 1995) (citing *In re Marriage of Vrban*, 359 N.W.2d 420, 424 (Iowa 1984)). The court's objective is to place the children in the environment most likely to bring them to a healthy physical, mental, and social maturity. *In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa App.1996). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other. *In re Marriage of Courtade*, 560 N.W.2d 36, 38 (Iowa App.1996).

■ We identify numerous factors to help determine which parent should serve as the primary caretaker of the children in a divorce. *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa App.1997) (citation omitted); *see* Iowa Code § 598.41 (1997). Some factors are given greater weight than others, and the weight ultimately assigned to each factor depends on the particular facts of each case. *See Daniels*, 568 N.W.2d at 54; *In re Marriage of Will*, 489 N.W.2d 394, 397 (Iowa 1992).

■ Both parties address their relative lifestyles and parenting abilities. To this effect, each party produced witnesses at trial supporting the person seeking primary care of the boys. The trial court considered all testimony and made a finding based in part by the content of the testimony and in part by the credibility of the parties and other witnesses. We will not second-guess those credibility findings. While both parties have their own strengths and weaknesses, it is our role to review the trial court's determination in light of the long-term best interests of the children. Of great concern to us is Todd's suicide attempt in 1994, history of drinking, and domestic abuse. We find no compelling reason to disagree with the trial court's findings.

Todd criticizes Barbara's decision to move closer to her job, her recent increase in spending, and argues that his farm home is better-suited for the children than Barbara's newly-purchased mobile home. However, Barbara was told by Todd to vacate the farm house or he would have the utilities shut off. Barbara testified that she was unable to find suitable housing in Oakland and other nearby communities and had to spend some money to furnish her new home. Barbara's home fits the needs of herself and the children as each has their own bedroom, whereas the farm home has only two bedrooms to accommodate the boys, Todd, his new girlfriend, and her three children.

Many of Todd's arguments deal with the disruption attendant in moving the children to a new community. Todd asserts that a move would disrupt their education, sports, activities, relationships with extended family

and friends, and would keep them from participating in farming activities.

As we focus on the best interests of the children, we consider the emotional and environmental stability offered by each parent. *See* Iowa Code § 598.41; *In re Winter's Marriage,* 223 N.W.2d 165, 166–67 (Iowa 1974). Minimal changes in physical environment may result in greater emotional stability. However, our case law places greater importance on the stability of the relationship between the child and the primary caregiver over the physical setting of the child. *See In re Marriage of Wilson,* 532 N.W.2d 493, 495 (Iowa App.1995) (recognizing that the role of primary caretaker is critical in the development of children, and noting that careful consideration is given in custody disputes to allowing children to remain with the parent who has been the primary caregiver) (citing *In re Marriage of Fennell,* 485 N.W.2d 863, 865 (Iowa App. 1992)); *see also In re Marriage of Mayfield,* 577 N.W.2d 872, 874 (Iowa App.1998) (custodial parent's decision to move child from community where he grew up and five hundred miles from noncustodial parent was found to be a substantial change of circumstances, but custody was not modified due to child's flourishing in custodial parent's care). To that end, that which is least disruptive emotionally to the child should be given greatest consideration in achieving the ultimate goal of the child's long-term best interests.

Moreover, if environmental stability were elevated to the status urged by Todd, the primary care parent would not be able to relocate, as is currently allowed under case law. *See Vrban,* 359 N.W.2d at 425; *Mayfield,* 577 N.W.2d at 873–84. The ability for the primary care parent to relocate is tempered by Iowa Code section 598.21(8A) (1997), which provides that the court may consider a relocation of one hundred fifty miles or more a substantial change in circumstances. Even under this distance limitation, the primary consideration is not to protect the stability of the child's physical surround-

ings but rather to assure maximum contact between the child and the non-custodial parent.[1] This is accomplished by assessing the impact of a move on the relationship of the noncustodial parent and the child. The emotional stability associated with maintaining the parent-child relationship is primary to the best interests of the child.

Although Todd offers environmental stability by having the boys remain on the farm with him, the record is clear that Barbara has provided the majority of care to the boys and has been their emotional anchor. Furthermore, considering Todd's suicide attempt and physical abuse, we find Barbara is better equipped to provide emotional stability for the boys. Todd will have ample opportunity to maintain a strong relationship with the boys through the generous visitation provided by the decree. We affirm the trial court on primary physical care.

**II. Attorney fees.** Barbara requests appellate attorney fees. An award of attorney fees on appeal is not a matter of right, but rests within the discretion of the court. *In re Marriage of Benson,* 545 N.W.2d 252, 258 (Iowa 1996). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Wood,* 567 N.W.2d 680, 684 (Iowa App.1997). Upon review of the parties' financial situations, we award Barbara $1,000.

Having reviewed all arguments properly before us on appeal, we affirm the district court's decree. Costs on appeal are assessed to Todd.

**AFFIRMED.**

All judges concur except HUITINK, J., who specially concurs.

HUITINK, J. (specially concurring).

I concur in the result only.

---

1. Section 598.21(8A) provides that if a substantial change of circumstances is found by the court, "the court shall modify the custody order

.to, at a minimum, *preserve, as nearly as possible, the existing relationship between the minor child and nonrelocating parent.*" (emphasis added).