**IN THE COURT OF APPEALS OF IOWA**

No. 14-0952
Filed February 11, 2015

**IN RE THE MARRIAGE OF STEPHANIA L. RICKELS
AND JASON LYNN RICKELS**

**Upon the Petition of
STEPHANIA L. RICKELS,**
        Petitioner-Appellee,

**And Concerning
JASON LYNN RICKELS,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Jones County, Sean W.

McPartland, Judge.


        Jason Rickels appeals the district court's dissolution decree.  **AFFIRMED.**


        Dawn D. Long of Howes Law Firm, P.C., Cedar Rapids, for appellant.

        Ellen Ramsey-Kacena, Cedar Rapids, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Jason Lynn Rickels appeals the district court's dissolution decree granting physical care of the child, A.R., to Stephania Rickels. Jason requests the decree be modified to establish joint physical care, or in the alternative, he requests A.R. be placed in his physical care.[1] Jason and Stephania both ask for appellate attorney fees. We concur in the district court's decision to grant Stephania physical care. As Jason has not prevailed on appeal, we award Stephania appellate attorney fees of $2000.

## I. BACKGROUND FACTS AND PROCEEDINGS

Stephania and Jason were married in 2004. The parties have one child, A.R., who was ten years old at the time of trial. Although A.R. was born before the marriage, the parties agree Jason is the father. During the marriage, the parties resided at a house, owned by Jason prior to the marriage, located in Scotch Grove.

Stephania is employed as a special education teacher in the Western Dubuque School District. She has an undergraduate degree in special education and communications and is working on obtaining a master's degree in special education from Mount Mercy University. She has one other child, who recently turned eighteen and is a senior in high school. Stephania has had physical care of this child since her divorce from the father.

---

[1] In the event we decide to award Jason joint physical care or physical care, he asks for an expanded visitation schedule, and for the tax dependency exemption to be alternated each year. Since we affirm the district court, we decline to alter the established visitation schedule or tax exemption arrangement.

Jason worked at Star Building Manufacturing, which later became NCI Building Systems, where he made parts for buildings. Jason held this position until 2008, when he became disabled. Jason was diagnosed with restrictive lung disease leaving him unable to work fulltime. His income is largely derived from social security disability payments. Jason has two children from a previous marriage. The children are currently in high school and reside primarily with their mother, who has physical care.

Stephania filed a petition to dissolve the marriage on November 15, 2012. The parties separated shortly thereafter. Stephania and the two children moved out of the marital home into a rented home in nearby Monticello. The district court entered a temporary order concerning A.R. on January 7, 2013, which awarded the parties temporary joint legal custody. Stephania received temporary physical care and Jason's visitation was set for every other weekend, though the parties agreed to a broader visitation schedule.

Following trial, the district court entered its dissolution decree on March, 31, 2013. The decree gave Stephania and Jason joint legal custody, with Stephania receiving physical care. The decree also awarded Stephania the yearly tax dependency exemption for A.R.

## II.    STANDARD OF REVIEW

We review dissolution of marriage cases do novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). We have a duty to examine the entire record and adjudicate anew the rights on the issues properly presented. *In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Generally,

we give considerable deference to the district court's credibility determinations because the court has a firsthand opportunity to hear the evidence and view the witnesses. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

## III. ANALYSIS

### A. Joint Physical Care

Jason claims joint physical care is in A.R.'s best interest. He points to the historical caregiving role he played for A.R., and the parents' ability to communicate and agree without conflict.

Iowa's traditional and statutory child custody standard is "the best interest of the child." Iowa Code § 591.41(1)(a) (2011); *In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007). This standard provides the necessary flexibility to take the unique facts of each case into consideration. *Hansen*, 733 N.W.2d at 696. A nonexclusive list of factors used to determine the "best interest of the child" is found in Iowa Code section 598.41(3).

> In considering whether to award joint physical care where there are two suitable parents, stability and continuity of caregiving have traditionally been primary factors. *In re Marriage of Bevers*, 326 N.W.2d 896, 898 (Iowa 1982) (noting who during the marriage provided routine care and questioning desirability of the children's nomadic existence for sake of parents); *In re Marriage of Decker*, 666 N.W.2d 175, 178–80 (Iowa Ct. App. 2003) (past primary caregiving a factor given heavy weight in custody matters); *In re Marriage of Williams*, 589 N.W.2d 759, 762 (Iowa Ct. App. 1998) (great emphasis placed on achieving emotional stability for children); [*In re Marriage of*] *Roberts*, 545 N.W.2d [340,] 343 [(Iowa Ct. App. 1996)] (though not controlling, due consideration to historical primary caregiver); [*In re Marriage of*] *Coulter*, 502 N.W.2d [168,] 171 [(Iowa Ct. App. 1993)] (stability "cannot be overemphasized"). Stability and continuity factors tend to favor a spouse who, prior to divorce, was primarily responsible for physical care. *See* Iowa Code § 598.41(3)(d)

*Id.*

The district court found both Stephania and Jason to be suitable parents for A.R. However, the court found joint physical care was not in A.R.'s best interests. Relying on the *Hansen* factors, the court declined to award joint physical care and cited multiple reasons for its decision, including: Stephania's history of caring for A.R., the disruptive effect a shared custody arrangement may have on A.R., the communication issues between the parents, and the degree of conflict between the parents (derived from the parties' communication issues).

Upon our de novo review, we agree with the district court's reasoning. The record shows both Jason and Stephania provided significant care to A.R., and they are suitable parents for A.R. However, we find certain events a troubling indicator making a joint physical care arrangement not in the best interests of A.R. We find Jason has the tendency to assert his will over Stephania, in lieu of communicating about issues and reaching amicable compromise. For example, A.R. has issues with ADHD. Rather than place A.R. on medication, Stephania preferred they look into other methods for controlling his ADHD before resorting to medication. Instead, Jason made a doctor's appointment to obtain ADHD drugs for A.R. without informing Stephania. Stephania learned about the appointment and prescription for ADHD medication only after the appointment. Additionally, Stephania has agreed to liberal and frequent visitation for Jason, which includes an additional overnight during the week and a two-week uninterrupted period during the summer. Ultimately, we agree with the district court's conclusion:

In short, based upon the factors discussed above guiding the Court's determination of the appropriateness of joint physical care, and in the total setting presented in this case, the Court concludes that a joint physical care arrangement here is not in the best interest of A.R. Based upon the Court's findings that, prior to the parties' separation, Stephania was primarily responsible for physical care, the Court concludes that the interests of stability and continuity of care favor continued placement of primary care with Stephania.

Upon our de novo review, we find Stephania is the more suitable parent for promoting the relationship between A.R. and Jason than any alternative arrangement. Pursuant to our findings above, we decline to disturb the district court's visitation schedule and tax dependency exemption award. We affirm the district court's order, and find the best interests of A.R. are served by a grant of physical care to Stephania.

**B. Appellate Attorney Fees**

Both parties request attorney fees on appeal. This court has broad discretion in awarding appellate attorney fees. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). An award of appellate attorney fees is based upon the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). Since Stephania has prevailed on appeal, we award her $2000 in appellate attorney fees.

**AFFIRMED.**