# IN THE COURT OF APPEALS OF IOWA

No. 15-2103
Filed October 12, 2016

IN RE THE MARRIAGE OF KELLY DIISCHER
AND KYLE DIISCHER

Upon the Petition of
**KELLY WOOD f/k/a DIISCHER,**
        Petitioner-Appellant,

**And Concerning**
**KYLE DIISCHER,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Cherokee County, Patrick M. Carr,

Judge.


        Petitioner appeals from modification decree awarding physical care of the

parties' children to respondent.  **AFFIRMED.**


        John M. Loughlin of Loughlin Law Firm, Cherokee, for appellant.

        Alyssa A. Herbold of Wittgraf Law Firm, Cherokee, for appellee.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Kelly Diischer n/k/a Wood and Kyle Diischer entered into a stipulated decree of dissolution in 2013. They stipulated to joint custody and shared care of their two children. In 2014, Kyle filed a petition to modify the parties' decree, seeking physical care of the children. Kelly counterclaimed, also seeking physical care of the children. The parties stipulated there had been a substantial change in circumstances requiring modification of the physical care and visitation provisions of the decree. *See In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983) (explaining showing necessary for modification of dissolution decree). The record supports the stipulation. Post-decretal conduct showed the parents were unable to successfully implement a shared care arrangement. In addition, Kyle intended to move away from the area to be with his current wife, who was being transferred by her employer. The district court awarded physical care to Kyle and awarded Kelly liberal visitation. She appeals.

Our review of cases in equity is de novo. *See* Iowa R. App. P. 6.907. We review the entire record and decide anew the factual and legal issues presented. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Prior cases have little precedential value; the court must make its determination based on the unique facts and circumstances of each case. *In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. Jul. 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, *Anna Karenina* 1 (1873))). Although we exercise de novo review, we do afford the district court some deference. *See, e.g., In re Marriage of Wood*, No. 15-

2204, 2016 WL 4384407, at *1 (Iowa Ct. App. Aug. 17, 2016) ("We do give some deference to the decision of the district court where specific, non-generalized findings and conclusions have been made."); *see also Kleist*, 538 N.W.2d at 278 ("[W]e give considerable weight to the sound judgment of the trial court who has had the benefit of hearing and observing the parties firsthand.").

Physical care is defined as "the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2013). In making the physical care determination, we look to the factors set forth in Iowa Code section 598.41(3) and our case law. *See* Iowa Code § 598.41(3); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). "Each factor, however, does not necessarily impact the decision with equal force." *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa Ct. App. 1997). In considering the factors, our ultimate objective "is to place the child[ren] in the environment most likely to bring [them] to healthy mental, physical, and social maturity." *McKee v. Dicus*, 785 N.W.2d 733, 737 (Iowa Ct. App. 2010). Our court will "ultimately decide[ ] by determining under the whole record which parent can minister more effectively to the long-range best interests of the children." *Winter*, 223 N.W.2d at 166. The controlling consideration is the children's best interests. *In re Marriage of Kunkel*, 555 N.W.2d 250, 253 (Iowa Ct. App. 1996).

The district court was forced to decide which of these two capable parents would be awarded physical care of the children. On de novo review, we affirm the judgment of the district court. The record reflects both parents love their children and are capable of ministering effectively to their needs and interests.

The record also reflects both parents have their shortcomings. The district court took all of these things into account in deciding the physical care issue. Kelley challenges many of the district court's findings and the weight the district court placed on certain factors versus others. We conclude the district court rendered a fair decision supported by the record as a whole, and we see no reason to disturb the judgment of the district court. Because we affirm the district court's physical care determination, we need not address Kelly's arguments regarding remand for calculation of child support or her request for attorney fees.

The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d).

**AFFIRMED.**