**IN THE COURT OF APPEALS OF IOWA**

No. 15-1874
Filed November 23, 2016

**JENSON NEWTON,**
　　　　Plaintiff-Appellant,

**vs.**

**SHIRENE NAJM,**
　　　　Defendant-Appellee.
_____

　　　　Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


　　　　Father appeals from the decree granting the mother physical care of their

two children. **AFFIRMED.**

　　　　Justin J. Gross of Community Lawyers of Iowa, Des Moines, for appellant.

　　　　Shirene Najm, Kansas City, Missouri, appellee pro se.

　　　　Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, Judge.**

Jenson Newton appeals the district court's decree granting physical care of Newton's minor children J.M.N. (born 2006) and J.M.N. (born 2008) to the children's mother, Shirene Najm. Newton argues it is in the children's best interests to award him physical care of the children.

Our review is de novo. *See* Iowa R. App. P. 6.907; *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988); *see also, e.g.*, *Stieneke v. Sargent*, No. 15-1643, 2016 WL 2745058, at *1 (Iowa Ct. App. May 11, 2016). We review the entire record and decide anew the factual and legal issues presented. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Prior cases have little precedential value; the court must make its determination based on the facts and circumstances of each case. *See In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *see also, e.g.*, *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. July 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, *Anna Karenia* 1 (1873))). "Although we exercise de novo review, we do afford the district court some deference." *In re Marriage of Diischer*, No. 15-2103, 2016 WL 5930912, at *1 (Iowa Ct. App. Oct. 12, 2016); *see also In re Marriage of Wood*, No. 15-2204, 2016 WL 4384407, at *1 (Iowa Ct. App. Aug. 17, 2016) ("We do give some deference to the decision of the district court where specific, non-generalized findings and conclusions have been made."); *Kleist*, 538 N.W.2d at 278 ("[W]e give considerable weight to the sound judgment of the trial court who has had the benefit of hearing and observing the parties firsthand.").

The parties were never married. "The criteria used in making the physical care determination are the same for married and unmarried parents." *Stieneke*, 2016 WL 2745058, at *1; *see also Lambert*, 418 N.W.2d at 42. The Iowa Code defines "physical care" as "the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2015). In making the physical care determination, we look to the factors set forth in Iowa Code section 598.41(3) and enumerated in our case law. *See* Iowa Code § 600B.40; *In re Marriage of Hansen*, 733 N.W.2d 683, 696–700 (Iowa 2007); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974); *see also, e.g.*, *Steineke*, 2016 WL 2745058, at *1. "Each factor, however, does not necessarily impact the decision with equal force." *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa Ct. App. 1997). In considering these factors, our ultimate objective "is to place the child in the environment most likely to bring him to healthy mental, physical, and social maturity." *McKee v. Dicus*, 785 N.W.2d 733, 737 (Iowa Ct. App. 2010). "The controlling consideration is the best interests of the child." *Stieneke*, 2016 WL 2745058, at *1; *see also* Iowa Code § 598.1(1) ("'Best interest of the child' includes but is not limited to the opportunity for maximum continuous physical and emotional contact possible with both parents, unless direct physical or significant emotional harm to the child may result from this contact. Refusal by one parent to provide this opportunity without just cause shall be considered harmful to the best interest of the child."). We will "ultimately decide[ ] by determining under the whole record which parent can minister more effectively to the long-range best interests of the children." *Winter*, 223 N.W.2d at 166 (citation omitted).

Newton, born 1985, and Najm, born 1980, were never married. The two were in a relationship from approximately 2004 to 2008. Their two children were born from the relationship. The couple had resided in Kansas City, Kansas, while together and for a time after they separated. Paternity was established in Kansas. A Kansas court granted Najm temporary physical care of the children in 2008. In 2011, Najm moved to Arizona with the children. After unsuccessfully attempting to gain physical care of the children, Newton moved to Iowa to be closer to his other child from a different relationship. In 2013, the parties' children came to live with their father in West Des Moines by agreement of the parties. Najm eventually moved back to Kansas City in 2014 and obtained housing and employment there.

After the children had been in West Des Moines with their father, the parties disputed whether the children should be returned to the care of the mother in Kansas City or remain in West Des Moines. Newton filed the instant petition to resolve the issue. The district court determined it was in the best interests of the children for Najm to have physical care. The district court found both parents cared for the children and Newton and Najm supported the other being in the children's lives. The court found it was in the children's best interests to reside with Najm because she could provide a routine and stable environment in which the children could thrive. *See* Iowa Code § 598.41(3)(a); *Winter*, 223 N.W.2d at 166 (stating factors to consider are "[t]he characteristics of each parent, including age, character, stability, mental and physical health" and "[t]he nature of each proposed environment, including its stability and wholesomeness"). The district court's finding was based on Najm's history

serving as the children's primary caregiver and the fact Najm's and Newton's extended families reside in Kansas. *See* Iowa Code § 598.41(3)(d); *Winter*, 223 N.W.2d at 166. The district court also determined Newton had failed to take steps to provide for the regular dental and medical care for the children. *See Winter*, 223 N.W.2d at 166 (stating a factor to consider is "[t]he capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the children"). There was also evidence Newton had failed to properly maintain the children's hygiene. *See id.* Additionally, the court found credible Najm's assertions that Newton has denied her maximum continuing contact with the children during the period the children lived with Newton. *See* Iowa Code § 598.41(3)(c), (e) (listing factors to consider as "[w]hether the parents can communicate with each other regarding the child's needs" and "[w]hether each parent can support the other parent's relationship with the child").

Newton challenges the district court's findings and the weight it placed on certain evidence in the record as opposed to others. On de novo review, we find there is no reason to disturb the district court's decree. The district court applied the factors set forth in section 598.41(3) and *Winter* to reach an equitable care arrangement. We conclude it is in the children's best interests to award Najm physical care of the children with Newton to have liberal visitation. We affirm the judgment of the district court.

**AFFIRMED.**