# IN THE COURT OF APPEALS OF IOWA

No. 16-1836
Filed September 13, 2017

IN RE THE MARRIAGE OF SARAH SMITH REYERSON
AND DAVID L. REYERSON

Upon the Petition of
SARAH SMITH REYERSON,
　　　　Petitioner-Appellee,

And Concerning
DAVID L. REYERSON,
　　　　Respondent-Appellant.

_____


　　　　Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.


　　　　David L. Reyerson appeals various provisions of the district court's decree dissolving his marriage to Sarah Smith Reyerson.　**AFFIRMED.**


　　　　Barry S. Kaplan and C. Aron Vaughn of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

　　　　Reyne L. See of Peglow, O'Hare & See, P.L.C., Marshalltown, for appellee.


　　　　Considered by Vaitheswaran, P.J., Bower, J., and Mahan, S.J.*

　　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BOWER, Judge.**

David L. Reyerson appeals various provisions of the district court's decree dissolving his marriage to Sarah Smith Reyerson. We find the district court equitably divided the parties' property and debt, properly calculated spousal and child support, and appropriately awarded attorney fees. We affirm the district court.

## I. Background Facts and Proceedings

David is employed and reported an income of $122,800 per year plus a variable bonus. The last reported bonus was $10,000. Sarah was employed making $30,000 per year but left the workforce to care for the children nearly twenty years ago. Sarah returned to work in an unrelated field and reports income near $17,000 per year, though she anticipates receiving more hours. Her current job does not allow for full-time work but does give Sarah flexibility to care for the children, who range in age from eleven to eighteen. The district court determined Sarah's income to be $22,000. Sarah wishes to return to school and earn a degree to be a school counselor.

Sarah filed a petition for dissolution of marriage on January 5, 2016. During the pendency of the case, marital bills were not paid and David did not respond to discovery requests. Several hearings were held to resolve these matters. Trial was held August 16 and the district court ordered David to pay $1500 per month for 120 months in spousal support; $1072 per month for child support, with corresponding reductions as the children reach majority; $3000 for Sarah's attorney fees; and $500 for failure to produce discovery responses.

David was granted the marital home, with $1500 in net equity. At the time of trial, the home had a property tax balance of $2800 and was in arrears one payment. David was awarded the parties' two Volkswagen Jettas, both with a negative net value, and a 2003 Dodge Caravan, though one of the Jettas and the Caravan were primarily used by the two oldest children. David was also assigned a large portion of the parties' debt.

Sarah lives in a home purchased by her parents. Sarah testified she would pay $525 in rent per month, but there was no rental agreement, and she was unsure when the first payment would be due. Sarah was awarded the 2010 Volkswagen Routan. Sarah was assigned a small portion of the parties' debt.

David appeals the district court's grant of spousal support, child support, attorney fees, and the division of property.

## II. Standard of Review

Equitable actions are reviewed de novo. Iowa R. App. P. 6.907. We examine the record and adjudicate the rights of the parties anew. *In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Because the district court is in a unique position to hear the evidence, we defer to the district court's determinations of credibility. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992). While our review is de novo, the district court is given latitude to make determinations, which we will disturb only if equity has not been done. *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005).

## III. Property Distribution

David claims the district court inequitably divided the parties' property and debt, resulting in a net distribution of roughly -$1763 for Sarah and -$18,186 for

David. In this distribution, the district court did not consider David's 401(k) nor the personal property claimed by the parties and stated "When the 401(k) and the unvalued personal property are put back in, both parties have a positive net worth, but not a large one." Even with those items added into the distribution, Sarah still came out ahead of David. Property division is guided by Iowa Code section 598.21 (2016). Iowa does not require an equal division of property, but the division must be fair and equitable according to the specific circumstances of the dissolution. *In re Marriage of Russell*, 473 N.W.2d 244, 246 (Iowa Ct. App. 1991).

David claims "while an exactly equal distribution is not required, relative equality is still a general goal of the district court and . . . the facts at hand are not so utterly unique as to justify the disparity in the property distribution by the District Court in this case." The district court specifically stated at the end of its property distribution, "This distribution is nowhere close to equal, but in view of the respondent's far superior earning capacity and his ability to deal with most of the debt . . . over time, it is equitable."

We agree with the district court. David's earnings are roughly five times greater than Sarah's. The property division is unequal, but, based on the parties' earnings and consideration of the Iowa Code section 598.21 factors, it is equitable.

### IV. Spousal Support

David also claims the district court improperly determined the amount of spousal support awarded to Sarah. The district court found Sarah had an

earning capacity of $22,000 per year. David claims Sarah's earning capacity should be $40,000 per year and spousal support appropriately reduced.

"In reviewing questions related to spousal support, while our review is de novo, we have emphasized that 'we accord the trial court considerable latitude.' We will disturb the trial court's order 'only when there has been a failure to do equity.'" *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015) (citations omitted). "Whether spousal support is justified is dependent on the facts of each case." *In re Marriage of Shanks*, 805 N.W.2d 175, 178 (Iowa Ct. App. 2011).

> Upon every judgment of annulment, dissolution, or separate maintenance, the court may grant an order requiring support payments to either party for a limited or indefinite length of time after considering all of the following:
> a. The length of the marriage.
> b. The age and physical and emotional health of the parties.
> c. The distribution of property made pursuant to section 598.21.
> d. The educational level of each party at the time of marriage and at the time the action is commenced.
> e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.
> f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.
> g. The tax consequences to each party.
> h. Any mutual agreement made by the parties concerning financial or service contributions by one party with the expectation of future reciprocation or compensation by the other party.
> i. The provisions of an antenuptial agreement.
> j. Other factors the court may determine to be relevant in an individual case.

Iowa Code § 598.21A(1); see also *Gust*, 858 N.W.2d at 407.

The parties were married for twenty-nine years. Sarah worked before the children were born and made approximately $30,000 per year. She earned a BA in human services from Buena Vista University. Sarah now works part time as the lead preschool teacher for Sonshine Preschool at First Baptist Church in Marshalltown and makes approximately $17,000 per year. Sarah anticipates working more hours in the upcoming school year, and the trial court found Sarah currently had an earning capacity of $22,000. David argues Sarah is immediately employable at $40,000 per year with a degree in human services. We disagree.

Sarah has not worked in the field since 1997. Sarah's absence from the job market was by agreement of the parties to allow Sarah to care for the children. Sarah returned to work after the children were in school but took a position that allowed flexibility to allow her to continue to care for the children. Sarah has applied for other jobs but has not received any offers. She intends to pursue a degree in school counseling in order to become self-sufficient. We find the district court's grant of spousal support to be equitable.

## V. Child Support

David next claims the district court improperly determined the amount of child support as Sarah's earning capacity should have been determined to be $40,000 per year. We find Sarah's earning capacity was properly determined by the district court and therefore affirm the amount of child support.

## VI. Attorney Fees

The district court granted Sarah attorney fees in the amount of $3000. We affirm the district court's award. "An award of attorney's fees is not a matter or

right but rests within the discretion of the court." *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). We find a grant of appellate attorney fees is inappropriate in this case.

**AFFIRMED.**