# IN THE COURT OF APPEALS OF IOWA

No. 16-2188
Filed September 13, 2017

IN RE THE MARRIAGE OF MINDY SUE WASHBURN
AND JAMIE ALLEN CARLETON WASHBURN

Upon the Petition of
MINDY SUE WASHBURN,
   Petitioner-Appellee,

And Concerning
JAMIE ALLEN CARLETON WASHBURN,
   Respondent-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Fae E. Hoover-Grinde, Judge.

A father appeals from a temporary order modifying child support. **AFFIRMED.**

Richard L. Pazdernik, Jr. of Pazdernik Law Office, Cedar Rapids, for appellant.

John D. Jacobsen of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Mindy and Jamie Washburn divorced in 2014. The dissolution decree ordered Jamie to pay child support to Mindy for the benefit of their three children. The decree provided the amount of child support would be recalculated when the parties' oldest child attained a condition making the child ineligible for child support, e.g., graduating high school. At the time the condition occurred, the decree provided parties were to exchange financial information and attempt to agree to an appropriate amount of child support for the remaining children. In the event the parties could not reach a stipulated modification of child support, the decree provided the parties could seek an expedited modification of child support.

In 2015, the oldest child attained a condition making the child ineligible for child support. The parties were not able to agree on an appropriate amount of child support. Jamie filed this modification action, and the district court issued a temporary child support order. The district court found "[b]ecause the parties dispute the income, and to allow each party the opportunity to present evidence regarding the income question, the court recalculated child support using the income determined at trial, for the support of two rather than three children." Child support was set at $1681.49 per month for the two minor children. Jamie filed a motion to amend or enlarge, which the court denied. Jamie now appeals the temporary order.

Our review is de novo. *See In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983); *In re Marriage of Morrison*, No. 16-0886, 2017 WL 936152, at *5 (Iowa Ct. App. Mar. 8, 2017). We review the entire record and

decide anew the factual and legal issues preserved and presented for review. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Although our review is de novo, we afford deference to the district court for institutional and pragmatic reasons. *See Morrison*, 2017 WL 936152, at *1. This means we give weight to the district court's findings of fact. *See In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015). This also means we will affirm the district court unless the district court failed to do substantial equity. *See In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016); *In re Marriage of Lukowicz*, No. 14-0088, 2015 WL 162089, at *4 (Iowa Ct. App. Jan. 14, 2015) (using substantial equity standard).

In calculating child support, the district court must determine the net income of the parties from the "most reliable evidence presented." *In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991); *see In re Marriage of Wade*, 780 N.W.2d 563, 566 (Iowa Ct. App. 2010). Income for these purposes is "not limited to income that is reportable to the federal government as income." *In re Marriage of Hilmo*, 623 N.W.2d 809, 811 (Iowa 2001). "[T]he translation of income to 'net monthly income' as defined by the guidelines is not an exact science." *In re Marriage of Kupferschmidt*, 705 N.W.2d 327, 332 (Iowa Ct. App. 2005). After the calculation of net income, the court applies the child support guidelines. *Id.* Any deviations from the guidelines must include stated reasons why the guidelines would be unjust or inappropriate. Iowa Code § 598.21B(2)(d) (2015).

We see no reason to disturb the district court's temporary order. Jamie contends the district court's use of his income from the time of trial greatly overstated his present income and is not the most reliable evidence regarding his

present financial circumstances. Mindy contends Jamie's evidence presented at the hearing on temporary matters greatly understated Jamie's income. The disagreement between the parties regarding Jamie's income is long-running. Jamie is self-employed in the construction trade. Ascertaining his true income is quite difficult. Or at least he makes it quite difficult. Jamie has a history of refusing to provide accurate financial information and refusing to pay his child support obligation. For example, the district court noted Jamie's "2012 tax return, Respondent's Exhibit A, reflects that in 2012 Jamie had gross receipts of over $594,000 and gross income of over $133,000, although his tax return reflects net earnings of only $5700." By way of another example, multiple contempt proceedings have been initiated regarding child support. Given the history regarding the reliability, or lack thereof, of Jamie's representations of his income, it was reasonable for the district court, for the purposes of preparing a temporary order, to rely on its past findings rather than Jamie's current representations. The district court's past findings were based on extensive evidence and testimony subject to adversarial testing. Jamie's current representations have not yet been similarly tested. Ultimately, determining income is not an exact science. *See Kupferschmidt*, 705 N.W.2d at 332. The district court made appropriate findings under the circumstances presented.

**AFFIRMED.**