# IN THE COURT OF APPEALS OF IOWA

No. 18-0532
Filed February 20, 2019

**SHELBY BOATWRIGHT,**
Petitioner-Appellee,

**vs.**

**CRAIG LYDOLPH,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Van Buren County, Myron L. Gookin, Judge.

A father appeals from the decree establishing physical care, custody, and support of his child. **AFFIRMED.**

Jeff Carter of Jeff Carter Law Offices, P.C., Des Moines, for appellant.

Jennifer E. Klever-Kirkman of Robberts & Kirkman, L.L.L.P., Burlington, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Shelby Boatwright filed an action against Craig Lydolph to establish custody, care, and support for their child, C.B. The district court awarded the never-married parties joint legal custody of the child, awarded Shelby physical care of the child, granted Craig liberal visitation, and ordered Craig to pay child support and medical support. Craig pursues this appeal, contending the district court should have awarded the parties shared physical care of the child. Alternatively, Craig contends the court should have awarded him physical care of the child or should have awarded him extraordinary visitation.

This court reviews de novo proceedings establishing custody, care, and support of a child. *See* Iowa R. App. P. 6.907 (stating equitable proceedings are reviewed de novo); *Hernandez v. Mills*, No. 17-1947, 2016 WL 5839944, at *1 (Iowa Ct. App. Nov. 7, 2018). We review the entire record anew and decide anew the factual and legal issues preserved and presented for review. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). However, we afford deference to the district court for reasons both institutional and pragmatic. *See Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017). This means we give weight the district court's factual findings and will affirm the district court's ruling unless it "failed to do substantial equity." *Id.*

We can add little to the thorough and well-reasoned ruling of the district court. On de novo review, in consideration of all of the relevant factors, we affirm the judgment of the district court. *See* Iowa Code § 600B.40(2) (2017) (providing the statutory criteria set forth in section 598.41, for dissolutions of marriage, shall apply to chapter 600B proceedings); Iowa Code § 598.41 (setting forth relevant

factors); *In re Marriage of Hansen*, 733 N.W.2d 683, 696-700 (Iowa 2007) (setting forth factors to be considered where shared physical care is at issue); *In re Marriage of Winter*, 223 N.W.2d 165, 166-67 (Iowa 1974) (setting forth relevant factors); *Stieneke v. Sargent*, No. 15-1643, 2016 WL 2745058, at *1 (Iowa Ct. App. May 11, 2016) ("The controlling consideration is the best interests of the child."); *In re Marriage of Determan*, No. 10-0732, 2011 WL 444150, at *4 (Iowa Ct. App. Feb. 9, 2011) (noting forty mile distance between parents increased the need for effective communication and absence of such communication weighed against joint physical care).

We have considered each of the parties' arguments whether or not set forth in full herein. We decline Shelby's request for appellate attorney fees We affirm the decree without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**