# IN THE COURT OF APPEALS OF IOWA

No. 18-0611
Filed May 1, 2019

IN RE THE MARRIAGE OF DENA MARIE SEAY
AND DEANGELO DELONN SEAY

Upon the Petition of
**DENA MARIE NABORS, n/k/a DENA MARIE SEAY,**
Petitioner-Appellee,

**And Concerning**
**DEANGELO DELONN SEAY,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Mark E. Kruse,

Judge.

A father appeals the district court's modification of his summer visitation and

denial of his request to modify child support. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Marlis J. Robberts of Robberts & Kirkman LLLP, Burlington, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

DeAngelo Seay appeals the district court's order modifying the dissolution decree dissolving his marriage to Dena Seay, claiming the court erred in changing his summer visitation and denying his request to reduce his child support obligation. We affirm the district court.

## I.      Background Facts & Proceedings.

DeAngelo and Dena's marriage was dissolved on February 24, 2012, by stipulation. The parties were granted joint legal custody of their child D.S., born in 2005. The mother was awarded physical care of the child and the father was granted visitation, including alternating care of the child weekly during the summer. The parties agreed child support and medical support payments of $540 per month would be paid by the father. The parents now live approximately ninety minutes apart in different towns due to the father's move.

While visiting the father's home in 2014, assaults were perpetrated on D.S. by an older half-sibling. The father unsuccessfully tried to address the problem without outside intervention and did not tell the mother. The mother found out in the summer of 2015 and reported the assaults to the Iowa Department of Human Services (DHS), which investigated. The incidents resulted in criminal charges against the half-sibling, a founded child abuse report against the father, and a child in need of assistance (CINA) action in the juvenile court. Once DHS became involved, the father's visitation was initially reduced. The father complied with DHS's requirements, and visitation was gradually increased consistent with the court's original ruling. The summer visitation had not yet resumed at the time of trial. The CINA case closed on August 1, 2017.

The child is described as bright, funny, smart, and athletic. The child participates in multiple traveling sports teams and has excellent grades in school. The child has participated in therapy since 2015, including some joint sessions with the father. The father admitted recording the joint therapy sessions with the child, claiming it was to protect himself from lies during the CINA action.

On February 16, 2016, the mother filed a petition to modify the decree to order sole legal custody of the child with her, reduce visitation and require supervision, establish a no-contact order between D.S. and the assaulting half-sibling on the father's side, and require counseling for the father. The mother also requested a review of child support and requested orders for court costs and attorney fees. Just prior to trial, the father requested a reduction in his child-support obligation due to an income reduction attributable to a change in employment; he now works at a coffee shop owned by his wife's parents and operated by his wife.[1]

A modification trial was held January 17, 2018, with a ruling filed on March 8. The court heard testimony from the mother, the father, the maternal grandmother, the child's therapist, and the father's wife. The court modified the decree by changing the summer visitation schedule from alternating full weeks to long weekends every other week and one full week, adding a requirement for an adult presence in the home at all times the child is there, granting the no-contact order with the half-sibling, denying the request to modify child support, and

---

[1] The father has child support payments for a number of other children.

awarding the mother $3000 in attorney fees. Additional facts will be discussed where relevant.

The father appeals both the reduction in summer visitation and the court's denial of his child-support-reduction request.

## II. Standard of Review.

An action to modify a dissolution decree is an equitable proceeding, so our review is de novo. Iowa R. App. P. 6.907; *In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa Ct. App. 2009). We examine the record and adjudicate the rights of the parties anew. *In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Because the district court is in a unique position to hear the evidence, we defer to the district court's determinations of credibility. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992). While our review is de novo, the district court is given latitude to make determinations, which we will disturb only if equity has not been done. *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005).

## III. Visitation

We apply a less demanding burden of proof to visitation modifications than we do to a change in custody. *Brown*, 778 N.W.2d at 52 (noting a change in visitation does not cause the same disruption in care and emotional bonds as a change in custody). In order to modify visitation provisions of a dissolution decree a party "must establish by a preponderance of evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994); *see also In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007) ("Physical care issues are not to be resolved based

upon perceived fairness to the *spouses*, but primarily upon what is best for the *child*.").

The mother sought to reduce the father's summer visits from a full week every other week to long weekends every other week. The father seeks to maintain full week visitations as set out in the 2012 dissolution decree. The mother testified the child gets nervous when going to the father's home and is not ready to have contact with the half-sibling. The father claims the change in circumstances from the assaults is not permanent and does not warrant a modification. He posits the mother wants to reduce his summer visitation due to the child's athletic activities.

We agree with the district court that multiple assaults on the child by a half-sibling while in the father's care qualifies as a material change in circumstances for purposes of visitation modification. Not only was D.S. abused, but the father was aware and chose not to tell D.S.'s mother or take sufficiently preventative measures to protect the child. The child's therapist testified to the child's reluctance to be in the father's care for extended periods due to a lack of trust in the father's ability to keep D.S. safe. The therapist further testified the child is not currently comfortable enough to tell the father if a new assault occurred while in his care.

The court found credible testimony from the child's mother, grandmother, and therapist of the child's insecurities about visitation. The child will continue to stay with the father every other weekend, preserving the parent-child relationship while taking into account the child's vulnerability and safety concerns. We

conclude the district court's modification of the father's summer visitation was in the child's best interest.

## IV.    Child Support

Under Iowa Code section 598.21C(1) (2016), a court may modify a child support order when the parent seeking modification is able to show "a substantial change in circumstances," including "changes in the employment, earning capacity, income or resources of a party." Section 598.21C(2) provides "a substantial change of circumstances exists when the court order for child support varies by ten percent or more from the amount" that would be due under the child support guidelines. The district court may also consider whether the change in circumstances is permanent and not merely temporary. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983). The parent "seeking modification must prove the change in circumstances by a preponderance of the evidence." *In re Marriage of Rietz*, 585 N.W.2d 226, 229 (Iowa 1998). When the parent's income is reduced through self-inflicted or voluntary actions, we may consider the parent's earning capacity rather than actual earnings. *In re Marriage of McKenzie*, 709 N.W.2d 528, 533 (Iowa 2006). In particular, we consider if the voluntary reduction in income was done with the intent of lowering child support obligations. *Rietz*, 585 N.W.2d at 229–30.

In 2017, the father left his job as a car salesman with a salary of approximately $60,000 per year which required him to work long hours into the evening and weekend days. Since November 2017, he has been employed as operations manager of a coffee shop owned by his wife's parents. The father and his wife considered his child support obligations when setting his salary, which was

$26,000 per year at the time of trial. He has much greater scheduling flexibility to be at home with his children in his new job. He requested the court reduce his support payments to just over $100 per month. The father was over $8000 in arrears on his child support payments for D.S. at the time of trial.

The court found to the extent the father's income had been reduced, it was by his own choice to change career paths. The court further found the reduction in income appeared temporary as the father and his wife pursue a new business opportunity with great potential. It appears the father would be able to return to a higher-paying sales position if he chose. We also note the court did not recalculate the father's obligation at the higher income he showed prior to his career change, instead keeping his obligation at the level agreed to in the 2012 consent decree. We conclude the father has not shown by a preponderance of the evidence a substantial and material change of circumstances not of his own making to justify a decrease in his child support obligations.

**AFFIRMED.**