In re the MARRIAGE OF Larry L. BROWN and Rebecca A. Brown

Upon the Petition of

Larry L. Brown, Appellant,

and concerning

Rebecca A. Brown, Appellee.

No. 91–182.

Supreme Court of Iowa.

July 22, 1992.

Merry C. Ford, Burlington, for appellant.

J. Bryan Schulte of Ruther, Bauer, Schulte, Hahn, Swanson & Crowley, Burlington, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

ANDREASEN, Justice.

The husband appeals from the economic provisions of a dissolution decree. He claims: the district court should not have made an award of alimony; the amount of child support is excessive; and the division of property is inequitable. We transferred the case to the court of appeals. The court of appeals modified the decree eliminating alimony and reducing the amount of child support. We granted the wife's application for further review. We now affirm the judgment of the district court as modified.

## I. *Background.*

Larry Lamarr Brown and Rebecca Ann Brown were married on January 15, 1972. Three children were born of the marriage: Christopher, Shawn, and Darren. In May 1990, Larry filed a petition for dissolution of the marriage. At the time the petition was filed, the boys were age seventeen, fifteen, and seven, respectively.

The matter was tried in November 1990. The parties agreed that they would share joint legal custody of the three children and that Rebecca would assume primary physical care of the children. They stipulated to assets and liabilities. The court entered its decree of dissolution of marriage in December 1990.

## II. *Scope of Review.*

Our review of this equitable action is de novo. Iowa R.App.P. 4; *In re Marriage of Bergfeld,* 465 N.W.2d 865, 868 (Iowa 1991). We are not bound by the district court's findings of fact but we do give them deference because the district court had an opportunity to view, firsthand, the demeanor of the witnesses when testifying. Iowa R.App.P. 14(f)(7).

III. *Child Support.*

In Iowa, a district court is directed to determine the amount of child support specified by our child support guidelines. We apply the current guidelines in our de novo review. *In re Marriage of Powell,* 474 N.W.2d 531, 535 (Iowa 1991). Our child support guidelines are to be strictly followed unless their application would lead to an unjust or inappropriate result. *See* Iowa Code § 598.21(4)(a) (1991). To determine monthly child support payments, the guidelines direct the court to multiply the noncustodial parent's "net monthly income" by a percentage derived from a table. "Net income is gross income less certain allowable deductions." *In re Marriage of Lee,* 486 N.W.2d 302, 304 (Iowa 1992).

There is a rebuttable presumption that the amount of child support determined in accordance with the guidelines is the correct amount of child support to be awarded. *Id.* at 305. "That amount may be adjusted ... if the court finds such adjustment necessary to provide for the needs of the children and to do justice between the parties under the special circumstances of the case." *Child Support Guidelines.*

The central question in this appeal is whether overtime income should be considered in establishing net monthly income for purposes of determining the proper amount of child support under the guidelines. The district court included overtime pay in its calculation of Larry's net monthly income. The court then calculated child support in accordance with our guidelines.

The court of appeals, on a two-to-one vote on the issue, reduced Larry's child support obligation. The majority concluded that Larry's overtime wages should not be used in calculating net monthly income. The dissenting judge stated that Larry's overtime wages should be used in determining his net monthly income for purposes of the child support guidelines. We agree with the dissenting judge.

At the time of the dissolution, Larry's overtime employment had been continuous for the previous year and one-half. There was evidence that some overtime was mandatory. Larry testified that overtime was expected from people who held his position. He also testified that although overtime in the future was uncertain, he had not been told that it would be unavailable in the future. Based upon his testimony, the court found, and we agree, that there was a strong likelihood that Larry would continue to work overtime in the future.

The court of appeals has addressed the issue of whether overtime pay is to be used in calculating net monthly income for purposes of the child support guidelines. *See In re Marriage of Close,* 478 N.W.2d 852, 854–55 (Iowa App.1991); *In re Marriage of Heinemann,* 309 N.W.2d 151, 152–53 (Iowa App.1981). In *Close,* a majority of the court of appeals determined, although assuming without deciding that overtime pay fell within the definition of monthly income, that under the specific facts of the case the inclusion of overtime pay in net monthly income would be unjust and inappropriate. 478 N.W.2d at 854. A similar conclusion was also reached in *Heinemann.* 309 N.W.2d at 152.

The court of appeals assumption in *Close* was correct: overtime pay falls within the definition of monthly income. Overtime wages are not excluded as income. Overtime wages are within the definition of gross income to be used in calculating net monthly income for child support purposes. This conclusion does not necessarily mean, however, that a court must steadfastly adhere to the appropriate child support amount as determined by the guidelines using overtime pay if the amount results in injustice between the parties.

We agree with the court of appeals that in circumstances where overtime pay appears to be an anomaly or is uncertain or speculative, a deviation from the child support guidelines may be appropriate. *Close,* 478 N.W.2d at 854. We also agree that a parent's child support obligation should not be so burdensome that the parent is *required* to work overtime to satisfy it. *Id.* However, the district court must make a specific finding to that effect.

The facts of this case show that Larry's overtime has been consistent, will be consistent, and is somewhat voluntary. His overtime pay is not an anomaly or speculative. Although he works overtime to help pay off some of the debt load the family entered into, he is not *required* to work overtime to satisfy his child support obligation. Should Larry's income change substantially, it may be appropriate for him to seek a modification of the decree. *See, e.g., Lee,* 486 N.W.2d at 304; Iowa Code § 598.21(8). Here, we find no basis for deviation from the amount of child support specified by the guidelines.

The district court ordered that Larry be entitled to claim Shawn and Darren as dependents for federal and state income tax purposes. The court also ordered that Rebecca be entitled to claim Christopher as a dependent for federal and state income tax purposes. For purposes of child support, Larry's net monthly income with Shawn and Darren as dependency deductions is $2223.00. Rebecca's net monthly income with a dependency deduction for Christopher is $675.00. Under the guidelines table for three children, Larry's child support obligation is 38.4% of his net monthly income. Larry's child support obligation is $853.63 per month.

At such time as the first one of the children become ineligible for support, Larry will be entitled to two dependency deductions and Rebecca will be entitled to no dependency deductions. Larry's child support obligation will then be $731.37 per month ($2223 × .329). At the time the second child becomes ineligible, Larry will be entitled to one dependency deduction. Larry's child support obligation will then be $517.88 per month ($2176 × .238).

## IV. *Spousal Support.*

■ The district court ordered Larry to pay Rebecca spousal support (alimony) in the amount of $200.00 per month on the grounds that "[s]he possesses no specialized skills or training" and that "Larry's earning capacity is more than triple Rebecca's and will continue to be so." Larry argues that he should not be required to pay any alimony.

The court of appeals concluded Rebecca had a full-time job and was able to support herself. Therefore, it concluded alimony was not warranted.

■ Iowa Code section 598.21(3) (1989), provides specific factors to be considered by a district court in making an award of spousal support. It is well settled that alimony is not an absolute right and must be determined based on the facts and circumstances of each case. *See, e.g., In re Marriage of Debler,* 459 N.W.2d 267, 269 (Iowa 1990). Alimony is an allowance to a spouse in lieu of a legal obligation to support that person. *Id.* The determination of an amount of spousal support may take into account the property division. Iowa Code § 598.21(3)(c).

We have reviewed the court's findings of fact and although we are not bound by them we find they are adequately supported by the record. The court found:

> Larry ... is almost 40 ... graduated from ... community college [and] is employed at General Electric ... as a skilled machinist.... Larry appears to have always been industrious and energetic. Rebecca ... is 38 ... [and] is not in good health as she suffers from various allergies.... She performs unskilled labor.... She possesses no specialized skills or training.... The parties marriage is of almost 19 years duration. Larry is approximately two years older than Rebecca. Rebecca has some health problems. Larry's income from employment is substantially more than Rebecca's income from her employment. Based upon the parties' work histories, the nature of their employments, and their respective incomes, it would appear that Larry's earning capacity is more than triple Rebecca's and continue to be so. Any spousal support payments which Larry is required to make will in whole or large part be tax deductible to him, and taxable to Rebecca. Under all of the circumstances shown, the Court believes and concludes that Larry should

be required to make payments of spousal support to Rebecca.

The court ordered Larry to maintain medical insurance coverage on each of the children and that he was to pay ninety percent of the uninsured medical, hospital, dental, eyeglass, prescription drug, and orthodontic expense of the children so long as his support obligation for that child continued. Under the decree, the homestead of the parties was awarded to Rebecca. The equity in this property constituted the bulk of the parties' net worth. The district court recognized the division of assets and liabilities was not equal.

We agree with the trial court that alimony should be awarded. However, after considering all statutory factors, we conclude Rebecca should be awarded $100 per month. The alimony payments shall continue until Rebecca remarries or until the death of either party.

V. *Other Issues.*

We have reviewed the other issues presented by Larry and find them without merit. All provisions of the decree of dissolution of marriage are affirmed except as expressly modified in this opinion. Larry shall pay two-thirds and Rebecca one-third of the costs of appeal. Each party shall be responsible for their own appellate attorney fees.

DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.