In re the MARRIAGE OF Sandra J. PETTIT and Harry L. Pettit.

Upon the Petition of Sandra J. Pettit, Petitioner–Appellee,

And Concerning Harry L. Pettit, Respondent–Appellant.

No. 92–12.

Court of Appeals of Iowa.

Oct. 27, 1992.

Artis I. Reis of Reis & Bowman Law Office, Des Moines, for respondent-appellant.

James S. Dougherty and M.G. Ouderkirk of Ouderkirk Law Firm, Indianola, for petitioner-appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

The respondent husband appeals the custodial and economic provisions of a dissolution decree. He contends the district court erred in granting physical custody of the parties' children to his wife. In addition, he claims the court improperly computed his child support obligation. The petitioner wife requests attorney fees on appeal.

Harry and Sandra Pettit were married on January 2, 1970, shortly after Sandra graduated from high school. The parties have four children, two of whom are minors: Dawn, born on May 23, 1976, and Bobby Jo, born on February 8, 1979.

Sandra was forty years old at the time of the dissolution hearing and in good health. She has worked sporadically during the marriage as a cook and a computer operator. Harry was forty-three years of age at the time of the hearing and in good health. Upon discharge from the Army, Harry went to work as a truck driver. He is currently employed as a dispatcher working fifty hours per week and earning $8.75 per hour. Harry receives a bonus of one dollar for every one load his employer hauls. In 1989 the gross amount of Harry's bonus was $6,500. In 1990 the gross amount of Harry's bonus was $6,700 with a net of $5,500. Harry also works on the weekends selling scrap aluminum and copper. Since the parties separated, Harry has been driving a truck on the weekends. He does not anticipate continuing the weekend trucking runs since he currently works between sixty-four and seventy-eight hours per week.

Sandra filed a petition for dissolution on February 21, 1991, and the dissolution hearing was held October 15, 1991. Sandra testified she had been unemployed since May 1991, and she had moved several times with the children following the separation. In addition, she stated she had recently

moved into a home with her paramour, Robert Pearson. Pearson testified he had recently pleaded guilty to assaulting his former wife and admitted to hitting her during the marriage. A number of witnesses testified on Harry's behalf regarding Pearson's poor reputation in the community. Both Dawn and Bobby Jo testified at the hearing they would prefer to live with their mother.

Following the testimony of all the witnesses, the district court issued its findings from the bench. The court found both parents to be fit custodians of the children. The court gave weight to the testimony of the two minor children and indicated its belief in the importance of the adolescent girls residing with their mother. The court recognized that Sandra's relationship with Pearson was not a factor in her favor and found her employment history to be unstable. Based upon these findings, the court awarded joint legal custody to both parties and awarded physical custody of the children to Sandra. Harry was granted liberal visitation rights.

In addition, the court ordered Harry to pay child support in the sum of $350 per month per child. Child support was computed by attributing a net monthly income of $585 to Sandra and a net monthly income of $2,100 to Harry. Harry's net monthly income included earnings of $1,560 (including overtime) from his position as dispatcher, $458 from his bonus, and minimal earnings from selling scrap metal.

On December 18, 1991, the district court filed a decree dissolving the parties' marriage and reiterating its position concerning custody and child support. Harry filed an application for a new trial and an application to enlarge and amend the findings which the court denied. Harry has appealed, and Sandra requests her appellate attorney fees.

■ Our review in this matter is de novo. Iowa R.App.P. 4. In child custody cases, the best interests of the child is the first and governing consideration. The factors the court considers in awarding custody are enumerated in Iowa Code section 598.41(3) (1991), in *In re Marriage of Weid-*

*ner,* 338 N.W.2d 351, 356 (Iowa 1983), and in *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974). All factors bear on the "first and governing consideration," the court's determination of what will be in the long-term best interests of the child. *In re Marriage of Vrban,* 359 N.W.2d 420, 424 (Iowa 1984). The critical issue in determining the best interests of the child is which parent will do better in raising the child; gender is irrelevant, and neither parent should have a greater burden than the other in attempting to gain custody in a dissolution proceeding. *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App. 1985).

■ We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.* Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983).

■ Having carefully considered the record with these principles in mind, we believe the district court appropriately awarded joint legal custody of Dawn and Bobby Jo to both parties with Sandra receiving primary physical care of the children. Harry contends he should have physical care of the minor children so their lives are not disrupted by Sandra's relationship with Robert Pearson. This contention is without merit. While the evidence suggests Robert is not well regarded by the district court or the community at large, the record is absent any indication that Robert has mistreated Sandra or the children. While we do not condone the cohabitation of Sandra and Robert, we cannot say this arrangement will adversely affect the children. The evidence reveals the children relate well with Robert.

■ In addition, the children have stated their preference of living with their mother. Iowa Code section 598.41(3)(f) (1991) provides:

In considering what custody arrangement under subsection 2 is in the best interest of the minor child, the court shall consider ... whether the custody arrangement is in accord with the child's wishes or whether the child has strong opposition, taking into consideration the child's age and maturity.

The preferences of minor children, while not controlling, are relevant and cannot be ignored in a child custody case. *In re Marriage of Burham*, 283 N.W.2d 269, 276 (Iowa 1979).

Harry also argues the court inappropriately considered the gender of the parties when awarding custody of the children. We disagree. The basis of the trial court's custody award in this case was not a matter of gender; rather, the court recognized that, under the particular circumstances of the instant case, Sandra is better equipped to provide for the needs of these children.

■ Next, Harry contends the court incorrectly included his overtime income and his bonus income in the determination of his net monthly income for the purpose of determining the child support award. We disagree. In *In re Marriage of Brown*, 487 N.W.2d 331 (Iowa 1992), the court addressed the issue of whether overtime income should be considered in establishing net monthly income for purposes of determining the proper amount of child support under the child support guidelines. The court stated, "[o]vertime wages are within the definition of gross income to be used in calculating net monthly income for child support purposes." *Id.* at 333.

Similarly, in *In re Marriage of Lalone*, 469 N.W.2d 695 (Iowa 1991), the court held the trial court properly included the husband's bonus income in determining the child support award. *Id.* at 698. Harry contends to do so in this case is substantially unfair. We disagree. Harry's bonus income is not uncertain or speculative; he receives one dollar for each load his employer hauls. In 1989 the gross amount of Harry's bonus was $6,500, and in 1990 his gross bonus award was $6,700.

■ Finally, Sandra requests her attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App. 1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). Harry shall pay $1,000 toward Sandra's appellate attorney fees. The costs of this appeal shall be paid by Harry.

AFFIRMED.

OXBERGER, C.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. The trial court impermissibly considered gender in awarding custody. I have serious concerns about the mother's boyfriend.

I find Harry to be the superior custodian.

I would modify to make Harry the custodial parent and order Sandra to pay child support according to the guidelines.