STATE of Iowa EX REL. Chelsea
Patrice GOERS, A Minor
Child, Appellant,

v.

Jeffrey James CHEKAL, Appellee.

No. 94–99.

Court of Appeals of Iowa.

Oct. 25, 1994.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., Kay Delafield, Asst. Atty. Gen., and Carol A. Turner, Asst. County Atty., for appellant.

Jeffrey C. Peterzalek of Gallagher, Langlas & Gallagher, P.C., Waterloo, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HUITINK, JJ.

HAYDEN, Judge.

Michelle Kruse (f/k/a Michelle Goers) and Jeffrey James Chekal are the parents of Chelsea Goers, born August 24, 1992. Michelle and Jeffrey were never married. Following Chelsea's birth Michelle received ADC benefits until May 1993. The State brought this action to establish paternity and to recover child support from Jeffrey.

Michelle is currently married to Duane Kruse. She works for Victor Plastics, and the trial court found her net monthly income to be $755. Duane works for Tama Meat Packing. His gross weekly wages are $322.20. Seventy-eight dollars and fifty cents is garnished for past and present child support for his son.

Jeffrey is currently married to Bekki Chekal, and they have three children. The trial court found Jeffrey's net monthly income to be $1391 and Bekki's net monthly income to be $759.

The trial court set Jeffrey's support obligation for Chelsea in the amount of $203 per month and ordered him to pay $27 per month toward arrearages. The State appeals. We affirm.

Our review in cases such as these is de novo. Iowa R.App.P. 4. Our supreme court has set child support guidelines which are to be strictly followed unless their application would lead to an unjust or inappropriate result. Iowa Code § 598.21(4)(a) (1993). There is a rebuttable presumption the amount of child support determined accord-

ing to our guidelines is the correct amount of child support to be awarded. *Id.; In re Marriage of Brown,* 487 N.W.2d 331, 333 (Iowa 1992) (citation omitted). The amount is adjusted upward or downward when necessary to provide for the needs of the children and to do justice between the parties under the special circumstances of the case. *State ex rel. Reaves v. Kappmeyer,* 514 N.W.2d 101, 104 (Iowa 1994); *State ex rel. Nicholson v. Toftee,* 494 N.W.2d 694, 695 (Iowa 1993). To justify a departure from the guidelines, the court must make written findings the scheduled amount would be "unjust or inappropriate" under the criteria established by our supreme court. Iowa Code § 598.21(4)(a) (1993).

■ The trial court made substantial references to the circumstances of the parties (including other child support obligations) as well as supreme court guidelines. After considering these factors, the trial court entered an order which deviated from the strict application of the guidelines. The trial court did everything it needed to do in order to deviate from the guidelines, except use the "magic words," that it was, in fact, deviating from the guidelines.

The record reflects the Chekals and the Kruses have worked diligently to successfully get off the public assistance rolls. Both the Chekal and Kruse families barely, if at all, have income sufficient to cover their legitimate monthly expenses. Implicit in the trial court's findings is the fact strict application of the guidelines would result in injustice due to Jeffrey's obligations to his three other children. Consideration of expenses related to the support of the three Chekal children is germane in determining Jeffrey's financial ability to pay and whether strict application of the guidelines will result in substantial injustice. *Kappmeyer,* 514 N.W.2d at 105 (citing *State ex rel. Epps v. Epps,* 473 N.W.2d 56, 58 (Iowa 1991)).

The financial documents in this case leave no doubt strict application of the guidelines would impose a substantial injustice to Jeffrey Chekal and his three children who reside with him and his wife. Strict application of the guidelines would likely force the Chekals and their three children to seek public assistance. Such a counterproductive result must be avoided, just as in *Kappmeyer* and *Nicholson. Kappmeyer,* 514 N.W.2d at 105 (downward adjustment of guideline amount was necessary to achieve fairness and prevent substantial injustice to noncustodial father and children he supports); *State ex rel. Nicholson v. Toftee,* 494 N.W.2d at 695 (same).

The most equitable way to resolve this matter is to require Jeffrey to pay an amount for support which deviates from the guidelines. In addition, Jeffrey should continue providing health insurance coverage to Chelsea so long as it is available through his employer. Should either Jeffrey's or Michelle's financial situation improve substantially, either party may petition the district court to further modify the support award.

Jeffrey's support obligation for Chelsea is in the amount of $203 per month. Furthermore, Jeffrey must pay $27 per month toward arrearages. Additionally, Jeffrey is required to continue providing health insurance coverage to Chelsea so long as it is available through his employer.

Costs are to be taxed to the appellant. Judgment of the trial court affirmed.

**AFFIRMED.**