In re the MARRIAGE OF Becky
Lou BONNETTE and Jerry
D. Bonnette.

Upon the Petition of

Becky Lou Bonnette,

And Concerning

Jerry D. Bonnette, Appellee.

No. 96–1244.

Court of Appeals of Iowa.

June 24, 1998.

Barry S. Kaplan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellant.

Patrick W. Brooks of Brooks & Ward, Marshalltown, for appellee.

Heard by CADY, C.J., and VOGEL and MAHAN, JJ.

VOGEL, Judge.

Becky Bonnette appeals the distribution of assets in the parties' dissolution decree. We affirm as modified.

**Background facts.** Becky and Jerry Bonnette's twelve-year marriage was dissolved in June 1996. At the time of trial, Becky was forty-four and Jerry was forty-five years of age. The contention at trial was the division of assets and property acquired before and during the marriage.

■ *Scope of review.* In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but are not bound by them. Iowa R. App. P. 14(f)(7); *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984).

*I. Property division.* The parties to a marriage are entitled to a just and equitable share of the property accumulated during the marriage. *In re Marriage of Starcevic,* 522 N.W.2d 855, 857 (Iowa App. 1994). Equitable distribution does not necessarily mean an equal division of property, nor does it mean a percentage division of the property. *In re Marriage of Hoak,* 364 N.W.2d 185, 194 (Iowa 1985).

The parties' net property distribution is unclear from the trial court's ruling. The reason we underscore the importance of assigning values and setting forth the net property distributions in the decree is two-fold: (1) to enable the reviewing court to assess whether an equitable division of property was effected; and (2) to aid the parties in better understanding their respective property awards, which would, in some cases, dispense with the need for an appeal.

On our de novo review, we find the values that were referred to are within the permissible range of the evidence and we will not disturb them on appeal. *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App. 1984). We further find, however, an unexplained imbalance in the net property distribution. Becky filed a Rule 179(b) motion, requesting an explanation of how the trial court concluded that Jerry should pay Becky $15,000 as part of the equitable distribution of assets. The motion was denied. With no further guidance from the trial court, we conclude Jerry actually received approximately $140,000 of net martial assets and Becky received approximately $120,000 of net marital assets.

As there is no indication from the trial court's ruling that a $20,000 difference in property distribution was intended, we balance the equities by ordering that Jerry pay to Becky $10,000 within sixty days from the date of procedendo.

Having considered all arguments properly before us on appeal, we affirm as modified. Costs on appeal assessed to Jerry.

**AFFIRMED AS MODIFIED.**