# IN THE COURT OF APPEALS OF IOWA

No. 16-1144
Filed October 26, 2016

**Upon the Petition of**
**ASHLEY M. CHRISTENSON,**
    Petitioner-Appellant,

**And Concerning**
**ZACHARY L. McNEW,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Jasper County, Paul R. Huscher,

Judge.

Ashley Christenson appeals the modification of a stipulated decree

concerning visitation and custody. **REVERSED AND REMANDED.**

Hilary J. Montalvo of Caldwell, Brierly, Chalupa & Nuzum, P.L.L.C.,

Newton, for appellant.

Zachary L. McNew, Newton, appellee pro se.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Ashley Christenson appeals the district court's modification of a stipulated decree of visitation and custody. We find there has been no substantial change in circumstances justifying modification of physical care. We also find there has been a substantial change in circumstances requiring child support to be recalculated. Accordingly, we reverse and remand for further proceedings.

## I. Background Facts and Proceedings

S.M. was born in 2012 to Ashley and Zach McNew. They were never married but cohabited in Ashley's parent's basement until May 2013. While living together, at Ashley's urging, they agreed to a stipulated decree of visitation and custody. The decree provided joint legal custody to the parties, physical care of the child to Ashley, and required Zach to pay child support. The decree also outlined visitation for Zach and included provisions should Zach change from working nights to days.

After Ashley and Zach separated, Zach moved into his parents' home and began visitation on the schedule set forth in the decree. Both parties have changed jobs and Zach now works days. After changing from working nights to days, Zach and Ashley switched to the adjusted schedule in the decree. When it became apparent to them the child would benefit from more time with Zach, Ashley agreed to increase Zach's visitation. Additionally, both parties made significantly more money after transitioning to their new jobs.

The district court entered a Modification of Decree finding Zach and Ashley had modified the decree by their actions and instead of Ashley having physical care, the parties had in fact converted their agreement into shared

physical care.  The modification also set out a visitation schedule if the parties could not agree on an equitable division of time, reduced Zach's child support obligation, detailed the sharing of expenses for future extracurricular activities, and restated Zach's responsibility to maintain insurance for the child.  Ashley challenged the ruling by filing a motion to enlarge and amend the trial court's ruling; the motion was denied.  Ashley now appeals the change of physical care, the denial of her motion to enlarge and amend, and the denial of her request for attorney fees.

## II.  Standard of Review

Our review of equitable actions is de novo.  Iowa R. Civ. P. 6.907.  We are bound to examine the record and adjudicate the rights of the parties anew.  *In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998).  We defer to the district court's determinations of credibility based on the unique opportunity to hear the evidence and view the witnesses available to the district court.  *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

## III.  Physical Care

Ashley claims the district court erred in determining the parties had shared physical care of the child and in modifying the decree to reflect that change.  A court may modify the terms of a decree "only when there has been a substantial change in circumstances since the time of the decree, not contemplated by the court when the decree was entered, which was more or less permanent, and relates to the welfare of the child."  *Melchiori v. Kooi*, 644 N.W.2d 365, 368 (Iowa Ct. App. 2002).

The decree was originally formulated while Zach and Ashley were cohabiting and granted Ashley physical care. Zach was granted visitation which took into account the fact he worked nights but provided alternate visitation if he began to work a day shift. The district court's modification found Zach's transition to a different shift contributed to a substantial change in circumstances; however, because this was contemplated in the original decree, we find this change an inappropriate basis for modification of the decree.

While living together, Zach did care for the child while Ashley worked. The district court found this amounted to shared physical care. The district court also found this to be a substantial change not contemplated in the initial decree. We disagree. We find the parties cannot adjust the terms of the decree by their actions. *See Brown*, 487 N.W.2d at 51. The express language of the decree "should have force and effect, and be given a consistent, effective, and reasonable meaning." *See id.*

Additionally, a party may not leverage the grant of extra visitation or flexible visitation given by the custodial parent into a substantial change of circumstance claim. *In re Marriage of Wosepka*, 836 N.W.2d 152 (Iowa Ct. App. 2013). Allowing one parent to take advantage of the other's generosity and willingness to accommodate changes in schedules would discourage cooperation and effective co-parenting. Therefore, we find there has been no substantial change of circumstances to justify a change in physical care. Ashley also claims the district court erred in denying her motion to enlarge and amend; we find it unnecessary to address this claim.

**IV. Child Support**

Ashley further claims Zach's child support obligation should be recalculated in line with the parties' new incomes. We agree and remand to the district court to calculate the amount of child support in accordance with the guidelines.

**V. Attorney Fees**

Ashley also claims the district court erred by refusing to award attorney fees. An award of attorney fees is not a matter of right but rests within our discretion. Iowa Code § 600B.26 (2015); *Markey v. Carney*, 705 N.W.2d 13, 25 (Iowa 2005). We review the denial of trial attorney fees for an abuse of discretion. *In re Marriage of Kimbro*, 826 N.W.2d 696, 698 (Iowa 2013). We find the trial court did not abuse its discretion and so we deny Ashley's request for attorney fees.

**REVERSED AND REMANDED.**