**IN THE COURT OF APPEALS OF IOWA**

No. 16-0403
Filed May 3, 2017

**IN RE THE MARRIAGE OF KENNETH CRANE
AND JERRILYN CRANE**

**Upon the Petition of
KENNETH CRANE,**
        Petitioner-Appellant/Cross-Appellee,

**And Concerning
JERRILYN CRANE,**
        Respondent-Appellee/Cross-Appellant.
_____

        Appeal from the Iowa District Court for Clayton County, Richard D. Stochl,

Judge.


        Petitioner appeals the parties' dissolution decree on the issues of spousal

support and property division, and respondent cross-appeals. **AFFIRMED AS**

**MODIFIED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**


        James J. Burns of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellant/cross-appellee.

        Curtis W. Den Beste of Howes Law Firm, P.C., Cedar Rapids, for

appellee/cross-appellant.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Kenneth Crane appeals the parties' dissolution decree on the issues of spousal support and property division, and Jerrilyn Crane cross-appeals. We find Kenneth's spousal support obligation should be decreased to $1000 per month. We affirm the property distribution, including the allocation of debts, found in the dissolution decree. We determine each party should pay their own appellate attorney fees. We affirm the district court, as modified by this decision.

### I.       Background Facts & Proceedings

Kenneth and Jerrilyn were married in 1973. They have three adult children. On November 17, 2014, Kenneth filed a petition for dissolution of marriage. The parties stipulated to a division of assets, except for a debt of $9335 to One Main Financial. They regarded the stipulated property division to be roughly equal.

The dissolution trial was held on December 11, 2015. Kenneth was then sixty-three years old. He is a truck driver and operates Ken Crane Trucking, Inc. The company formerly owned several tractors and trailers, and hired drivers, including the parties' oldest son. Kenneth testified he had cut back in recent years and presently owned two trailers, one tractor, and he was the only driver. He stated Ken Crane Trucking used Apex Capital Corp. (Apex) to assist in bookkeeping and collection work. Kenneth testified he would like to drive for another year and a half and then retire. Kenneth's tax returns showed he had income of $39,423 in 2012; $20,810 in 2013; and $20,919 in 2014.

At the time of the trial, Jerrilyn was sixty-two years old. She assisted in bookkeeping and dispatching for Ken Crane Trucking until the parties separated

in November 2014. She is presently employed at Good Neighbor Home, where her base gross income is $22,256 per year. Jerrilyn also testified she works overtime. We determine Jerrilyn earns $25,000 per year, based on her regular income plus overtime.[1] Jerrilyn requested spousal support of $3500 per month. She testified Ken Crane Trucking could earn gross income of $20,400 per month. She stated she believed Kenneth's income was much greater than what he reported because he overstated his expenses.

The district court entered a dissolution decree for the parties on February 26, 2016. The court found:

> The court has thoroughly reviewed Kenneth's personal and business tax returns and concludes Kenneth is realizing a profit from his business. Legal business deductions taken by Kenneth have allowed his returns to show little or no profit. The court does not believe they reveal a true cash flow image.

The court ordered Kenneth to pay spousal support of $1500 per month until Jerrilyn reaches the age of sixty-five. The court stated, "Spousal support shall be subject to recalculation upon Jerrilyn attaining 65, depending upon the social security benefits available to Kenneth and those available to Jerrilyn." Concerning the debt of $9335 to One Main Financial, the court found Kenneth incurred the debt to purchase a welder and he should be responsible for the debt. Kenneth was ordered to pay $1000 toward Jerrilyn's trial attorney fees. Kenneth now appeals, and Jerrilyn cross-appeals.

---

[1] Jerrilyn was paid $10.70 per hour and worked forty hours per week, times fifty-two weeks, is $22,256. Jerrilyn testified she regularly worked overtime and was paid $11.70 per hour for this additional work.

## II.     Standard of Review

Our review in this equitable action is de novo.  Iowa R. App. P. 6.907.  We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g).  "Precedent is of little value as our determination must depend on the facts of the particular case."  *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007).

## III.    Spousal Support

Kenneth claims the spousal support award of $1500 per month is excessive.  He states his tax returns are accurate and are supported by the figures from the independent agency, Apex.  Kenneth acknowledges traditional spousal support for Jerrilyn is appropriate but asks to have the amount reduced. In her cross-appeal, Jerrilyn asks to have the amount of spousal support increased.  She claims the court should have awarded her the amount she requested, $3500 per month.

"Property division and alimony should be considered together in evaluating their individual sufficiency."  *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998).  Spousal support is not an absolute right.  *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976).  Whether spousal support is proper depends on the facts and circumstances of each case.  *In re Marriage of Brown*, 487 N.W.2d 331, 334 (Iowa 1992).  When determining whether spousal support is appropriate, we consider the relevant factors found in Iowa Code section 598.21A (2014).  *In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007).  The purpose of traditional spousal support "is to provide the

receiving spouse with support comparable to what he or she would receive if the marriage continued." *In re Marriage of Gust*, 858 N.W.2d 402, 408 (Iowa 2015).

During the dissolution hearing, Jerrilyn testified Kenneth had the ability to earn gross income of $20,400 per month by taking three out-of-state loads per month. She then deducted fuel expenses of $1750 per week and stated Kenneth had the ability to earn $15,000 per month. She stated she was aware there were other expenses involved in operating the trucking business; however, she did not take any deductions for these expenses. Jerrilyn presented her handwritten estimates to support her calculation of Kenneth's income.

Kenneth testified he employed Apex to assist in bookkeeping and collection work. He stated Apex collected the bill on freight he transported and paid his expenses for "[g]as, repairs, and all that," leaving him with a reserve account he could draw upon once a month. Kenneth stated the records created by Apex were used to prepare his tax returns. The Apex reserve account shows a large reduction throughout the year. This amount, as testified by Kenneth, is after eighty percent of his check is set aside by Apex to pay all associated fees related to the trucking company. Kenneth testified about Apex, "They have very good recordkeeping. It keeps a complete account of my fuel expenditures and all of my income and their charges, what it cost me and everything." Kenneth stated his tax returns showed his actual income.

While we give Jerrilyn some authority due to her experience working as a bookkeeper for Ken Crane Trucking, we find her calculation of Kenneth's income, based on gross income less fuel expenses, is an inaccurate representation of his income. For example, the company had expenses for repairs, taxes, insurance,

licenses, and debt reduction. Jerrilyn recognized there were other expenses involved in operating the trucking business but did not take these expenses into account. We conclude the record does not support Jerrilyn's request to increase the spousal support award to $3500 per month.

On our de novo review and after considering all of the evidence in the record, we determine Kenneth's spousal support obligation should be reduced to $1000 per month until Jerrilyn reaches the age of sixty-five. We find Kenneth has the ability to pay this amount. Furthermore, Jerrilyn needs an award of spousal support of at least $1000 per month, as her expenses currently exceed her income. We modify the dissolution decree to reduce the spousal support award from $1500 per month to $1000 per month. In all other respects, we affirm the award of spousal support.

## IV. Property Division

Kenneth claims the district court should not have required him to pay the entire amount of the One Main Financial debt of $9335. He points out the stipulated property division, before the allocation of the debt, was roughly equivalent. He claims it is inequitable to assign the entire amount of the $9335 debt to him. Kenneth states the debt was incurred during the marriage and should be considered a marital debt, whether the debt was for a business matter or home improvements. Kenneth asks to have the debt equally split between the parties.

Under section 598.21, all of the parties' property, except inherited property or gifts, should be equitably divided between the parties. *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006). An equitable distribution of marital

property does not require an equal division of assets. *In re Marriage of McDermott*, 827 N.W.2d 671, 682 (Iowa 2013). "Equality is, however, most often equitable." *Id.*

We find the district court properly assigned the One Main Financial debt of $9335 to Kenneth. The parties' son testified the debt was incurred to purchase a welder, which Kenneth then gave to another person in payment for a hydrogen generator to put on the trucks. Kenneth received the assets of Ken Crane Trucking, as well as the debts associated with the business. We agree with the district court's conclusion Kenneth should be responsible for the One Main Financial debt because he is in possession of the hydrogen converter connected to the debt.

## V. Attorney Fees

Jerrilyn requests attorney fees for this appeal. We have considerable discretion in determining whether appellate attorney fees should be awarded. *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). We consider the parties' respective abilities to pay, whether the party was successful, and whether the party was obliged to defend the district court's decision on appeal. *Id.* We determine each party should pay his or her own appellate attorney fees.

We affirm the decision of the district court, except we have modified to reduce the amount of Kenneth's spousal support obligation to $1000 per month.

**AFFIRMED AS MODIFIED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**