**IN THE COURT OF APPEALS OF IOWA**

No. 16-0790
Filed June 21, 2017

**IN RE THE MARRIAGE OF JANA JA VAN GENDEREN**
**AND MICHAEL LEE VAN GENDEREN**

**Upon the Petition of**
**JANA JA VAN GENDEREN,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning**
**MICHAEL LEE VAN GENDEREN,**
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Jasper County, Richard B. Clogg,

Judge.


        Respondent appeals the parties' dissolution decree on the issues of

property division, spousal support, child support, and guardian ad litem fees.

Petitioner cross-appeals.  **AFFIRMED AS MODIFIED.**


        Matthew B. Moore of The Law Offices of Matthew B. Moore, P.L.L.C.,

Oskaloosa, for appellant.

        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellee.


        Heard by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Mike Van Genderen appeals the parties' dissolution decree on the issues of property division, spousal support, child support, and guardian ad litem fees. Jana Van Genderen cross-appeals, claiming both spousal and child support payments should be increased and requesting appellate attorney fees. We affirm the district court as modified.

## I. Background Facts and Proceedings

Jana and Mike Van Genderen were divorced on March 17, 2016, after seven and a half years of marriage, including nearly a one-year separation. By agreement, Jana was granted physical care of the parties' children subject to Mike's visitation rights. The dissolution decree also divided the parties' property, established spousal and child support, and assessed court costs and guardian ad litem fees.

In the dissolution decree, the district court set out the testimony of the parties regarding the value of property. However, on many items, including personal property removed from the marital residence by Jana, the corporation owned by Mike, and the marital residence and adjacent shop, the district court did not make a conclusive finding of value, but simply disposed of the property to one party or the other. On other items, the district court entered valuations that did not specify the amount of marital appreciation, assigned values corresponding to documents dated years before the trial even though more up-to-date valuations were provided, and noted it would not consider assets Mike had liquidated during the marriage to pay debts. The district court also granted Jana spousal support in the amount of $500 per month for thirty-six months. The

district court required Mike to pay child support of $908.06 per month for two children and $657.79 when only one child remained eligible for support.

At Mike's request, a guardian ad litem (GAL) was appointed as the issues surrounding the children were fiercely contested prior to trial. In the decree, the district court did not explicitly state how the GAL fees should be paid but did order "the costs of this action shall be paid by Michael." Jana testified she was unable to pay the GAL fees. Mike asked the fees be divided equally between the parties.

Following the decree, Mike filed a motion to amend and enlarge. The district court corrected some portions of the decree, amended others, and denied others, including Mike's request for the division of the GAL fees. Mike appeals, claiming the court inequitably divided the parties' property, improperly granted spousal support, improperly calculated child support, and improperly denied his request concerning the GAL fees. Jana cross-appeals, claiming spousal and child support should be increased and asking for appellate attorney fees.

## II. Standard of Review

Our review of equitable actions is de novo. Iowa R. Civ. P. 6.907. We are bound to examine the record and adjudicate the rights of the parties anew. *In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). We will defer to the district court's determinations of credibility, as the court has a unique opportunity to hear the evidence and view the witnesses. *In re Marriage of Brown*, 487 N.W.2d 331, 332 (Iowa 1992).

Regarding the allocation of court costs and GAL fees, the law "is straightforward." *See German v. Metcalf*, No. 09-1470, 2010 WL 1875640, at *4

(Iowa Ct. App. May 12, 2010). The district court "has a large discretion in the matter of taxing costs and we will not ordinarily interfere therewith." *Neubauer v. Newcomb*, 423 N.W.2d 26, 27–28 (Iowa Ct. App. 1988). Therefore, in addressing those issues our standard of review is for abuse of discretion. *German*, 2010 WL 1875640, at *4.

### III. Property Division

Mike claims the district court acted improperly by failing to find the value of assets or making ambiguous valuations of assets resulting in an inequitable division of the marital property. Mike claims the district court failed to make valuations for the following: (1) the personal property Jana was awarded; (2) Gendel, Inc., Mike's race promotions business; (3) the marital residence, including how much, if any, should be deducted for cracks in the basement wall; (4) Mike's workshop; and (5) the amount of debt for a car formally in Jana's possession but titled and subject to a loan in Mike's name. Mike also claims the district court made ambiguous valuations regarding: (1) Jana's premarital IRA, (2) Mike's premarital annuity and IRA, (3) Mike's mutual fund, and (4) the property equalization payment.

Our supreme court has noted specific valuation of marital property by the district court is important "(1) to enable the reviewing court to assess whether an equitable division of property was effected; and (2) to aid the parties in better understanding their respective property awards, which would, in some cases, dispense with the need for an appeal." *In re Marriage of Bonnette*, 584 N.W.2d 713, 714 (Iowa Ct. App. 1998). The district court failed to make sufficiently specific valuations of the marital property in this case. From the district court's

dissolution decree alone it is impossible to determine if the net property distribution or $50,000 property equalization is appropriate.

The district court's failure to make valuations as required by our supreme court has underscored the valuations' importance. In failing to make the proper valuations, the district court created a ground for this appeal and required this court to expend increasingly scarce judicial resources attempting to divine the district court's valuations instead of conducting a less intensive review to ensure accuracy and equity.

### a. Valuation

Jana claims the district court correctly refused to consider Mike's mutual fund. We agree. The mutual fund was liquidated in 2010 to pay marital debts and avoid bankruptcy. This liquidation does not entitle Mike to an offset.

After a careful review of the record including trial testimony, exhibits, and the district court's dissolution decree, we find the proper valuations of the marital property at issue are as follows:

- Mike's race promotions corporation, Gendel, $17,428, consistent with Mike's exhibit U. We find Jana's contribution to the business was so substantial as to entitle her to half the value of the corporation and not only the marital appreciation.

- Marital Residence, $10,387.40. The marital appreciation of home equity was $29,750.90. We accept Mike's evidence the repairs required on the basement would cost $19,363.50.

- Mike's shop, a marital appreciation of $10,580.

- Mike's annuity (#524), a marital appreciation of $5153.43.

- Mike's IRA, a marital appreciation of $1510.15.

- Mike's whole life insurance, a marital appreciation of $29,608.34.

- Vehicles titled in Mike's name, ($4095.62)

- Personal property taken by Mike, $41,390.

- Personal property taken by Jana, $8000.

- Credit Card Debt, ($46,529.61).

### b. Modification

In accordance with our findings above we recalculate the distribution of the parties' assets and debts as follows:

| Mike | Assets and Debts | Jana |
|---|---|---|
| $17,428.00 | Gendel, Inc. | |
| $10,387.40 | Marital Residence | |
| $10,580.00 | Shop | |
| $5153.43 | #534 Annuity | |
| $1510.15 | Mike's IRA | |
| $14,804.17 | Mike's Life Insurance | $14,804.17 |
| ($4095.62) | Vehicles | |
| $41,390 | Personal Property to Mike | |
| | Personal Property to Jana | $8000.00 |
| ($46,529.61) | Credit Card Debt | |
| ($13,911.87) | Equalization Payment | $13,911.87 |

**TOTAL**     **$36,716.05**                            **$36,716.04**

To determine what constitutes equitable division in a dissolution proceeding we must look to the factors listed in Iowa Code section 598.21(5) (2015). These factors include the length of the marriage, premarital property brought into the marriage by each party, the individual contributions to the

marriage by the parties, age, health, earning capacity, and other relevant circumstances. *In re Marriage of Anliker*, 694 N.W.2d 535, 542 (Iowa 2005). We find the factors support an equal division of the marital assets. However, a set off of much of the premarital value of assets, such as the house and various financial accounts, is also appropriate in light of the marriage's length and the imbalance of assets brought into the marriage. Therefore, we modify the equalization payment from Mike to Jana to $13,911.87, less any amount already paid.

### IV. Spousal Support

Mike also claims the district court should not have awarded Jana spousal support, or alternatively, improperly determined the amount and duration of the support awarded. Jana asked the district court for spousal support in the amount of $1000 per month for thirty-six months. In the final order, Jana was awarded $500 per month for thirty-six months.

"In reviewing questions related to spousal support, while our review is de novo, we have emphasized that 'we accord the trial court considerable latitude.' We will disturb the trial court's order 'only when there has been a failure to do equity.'" *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015) (citations omitted). "Whether spousal support is justified is dependent on the facts of each case." *In re Marriage of Shanks*, 805 N.W.2d 175, 178 (Iowa Ct. App. 2011).

> Upon every judgment of annulment, dissolution, or separate maintenance, the court may grant an order requiring support payments to either party for a limited or indefinite length of time after considering all of the following:
> a. The length of the marriage.
> b. The age and physical and emotional health of the parties.
> c. The distribution of property made pursuant to section 598.21.

d. The educational level of each party at the time of marriage and at the time the action is commenced.

e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.

f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.

g. The tax consequences to each party.

h. Any mutual agreement made by the parties concerning financial or service contributions by one party with the expectation of future reciprocation or compensation by the other party.

i. The provisions of an antenuptial agreement.

j. Other factors the court may determine to be relevant in an individual case.

Iowa Code § 598.21A(1); see also *Gust*, 858 N.W.2d at 407.

The parties were married for seven and a half years, including a year of separation. Jana initially worked as a graphic artist making $23,000 per year. Prior to the marriage, Jana received a certificate from DMACC in architectural technologies but never held a job in the field and worked as a waitress. During the marriage, Jana assisted Mike with his business and cared for their children. Jana is now pursuing a degree in elementary education and works part-time as a waitress in Newton. Mike argues Jana is immediately employable at her former earning capacity of $23,000 per year. We disagree.

Jana testified she had not worked in her former capacity since 2003 and she no longer had the skills and experience required. The district court noted "Jana has been absent from the job market for several years in order to fulfill her role as the primary caretaker for the parties' two young children . . . . Furthermore, Jana is unlikely to achieve the standard of living by her own efforts

at this time to live reasonably . . ." We agree with this assessment. Jana will require time and education to attain comparable employment. Upon our de novo consideration of the factors and according the proper latitude to the district court, we find the district court properly granted spousal support.

## V. Child Support

Mike further claims the district court improperly calculated his child support obligation. After a de novo review of the record and evaluation of the child support guidelines, we concur with the district court's determination of Mike's child support obligation. Mike also claims the district court should have used $23,000 as Jana's income for purposes of calculating child support. For the reasons set forth above, we find $23,000 to be an inappropriate income to impute to Jana, and we decline to amend the district court's ruling regarding Jana's income. Mike further claims he should be granted the dependency exemption for both children. We again decline to modify the district court's ruling and find the division of the exemptions was equitable.

## VI. Guardian Ad Litem Fee

Mike finally claims the district court acted improperly by refusing to divide the GAL fee between the parties. The district court is afforded broad discretion when assessing costs. *Neubauer*, 423 N.W.2d at 27-28. Mike requested the GAL be appointed to help the parties resolve conflicts regarding custody and visitation. During the trial, Jana testified she could not afford to pay any amount toward the GAL fee. We hold the district court did not abuse its discretion by assessing the full GAL fee to Mike as the party who requested the GAL and had a greater ability to pay.

**VII.    Cross-appeal**

The district court imputed income to Jana consistent with working full time at minimum wage, $15,080, instead of using the amount of Jana's actual income based on the hours she worked.  Jana cross-appeals, claiming the extra income should not be imputed to her, and therefore, Mike's spousal support and child support obligations should be increased.  On her child support guidelines worksheet Jana recorded her gross annual taxable income as $15,080, the amount she now disputes.  We find the district court properly relied on Jana's statements and so refuse to modify either support obligation.

**VIII.    Attorney Fees**

Finally, Jana claims she should be awarded appellate attorney fees.  "An award of attorney's fees is not a matter or right but rests within the discretion of the court."  *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996).  We find an award of attorney fees is inappropriate in this case.

**AFFIRMED AS MODIFIED.**