# IN THE COURT OF APPEALS OF IOWA

No. 18-0631
Filed March 20, 2019

IN RE THE MARRIAGE OF SHERRY DIANNE DEKEYSER
AND ANDREW ROMAN PERGIEL

Upon the Petition of
SHERRY DIANNE DEKEYSER,
      Petitioner-Appellant/Cross-Appellee,

And Concerning
ANDREW ROMAN PERGIEL,
      Respondent-Appellee/Cross-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Kevin McKeever, Judge.

Spouses appeal and cross-appeal the property division, spousal support award, and attorney fee award in a dissolution decree. **AFFIRMED ON BOTH APPEALS.**

Sasha L. Monthei of Scheldrup Blades Schrock Smith, PC, Cedar Rapids, for appellant.

Joseph C. Pavelich of Spies, Pavelich & Foley, Iowa City, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Sherry "Dianne" Dekeyser appeals a portion of the property division, the award of spousal support, and the award of attorney fees in the parties' dissolution decree. Andrew Pergiel cross-appeals on the allocation of a retirement account. We affirm the district court's decree.

### I.     Background Facts & Proceedings

Andrew and Dianne met in March 2008 and married in December. Throughout the marriage, the parties kept their assets and debts separate, maintained separate bank accounts, spent money on their own children without consulting the other, and did not plan to pool their assets during retirement.

Dianne, who was sixty years old at the time of trial, has an adult child from a prior relationship. Dianne obtained a medical degree in 2001, incurring significant student loans. She became a board-certified psychiatrist in 2008. Dianne owned her home in Fort Madison, which Andrew moved into in February 2009. Dianne has a number of medical conditions. At the time of trial, Dianne was employed as the psychiatrist in charge at a hospital with a salary of $234,000.

Andrew, who was sixty-three years old at the time of trial, has two adult children from a prior marriage. He paid child support for the children and otherwise spent significant sums on his children throughout the marriage. Andrew sold his home at the beginning of the marriage. Andrew has a degree in business administration and worked primarily in the computer field prior to the marriage but held only short term jobs from 2003 through 2011. In 2011, Andrew obtained full-time employment in Dubuque. He then moved to Connecticut for different employment. After the Connecticut job, Andrew appears to have mostly had part-

time or temporary employment. Generally, Andrew paid his expenses from accrued savings, retirement accounts, and an inheritance. Andrew also has medical conditions including chronic cardiac issues and underwent hip replacement surgery in September 2015. Andrew receives over $1600 per month in social security disability benefits. Andrew's cardiologist testified in deposition that he has no functional limitations from his chronic cardiac issues.

The parties lived apart for over half the marriage. In 2011, Andrew moved to Dubuque for fourteen months, then Connecticut for ten months. When he lost that job and moved back to Dianne's Iowa home, Dianne had moved to Waterloo for a temporary position. Dianne then obtained a position in Arizona starting in January 2014 and the parties purchased a home there, each paying $30,000 for the down payment. Andrew and Dianne are both on the deed, but the mortgage is only in Dianne's name. Andrew moved to the Arizona home in April 2014. Dianne moved back to Iowa in December, working in Spencer and then Iowa City. Dianne continued to pay the mortgage for the Arizona home while Andrew paid housing association fees and some utilities.

Dianne filed a petition for dissolution of marriage on December 24, 2015. Dianne sought a protective order against Andrew, but the parties reached an agreement, including that their funds would remain separate and Andrew would contribute toward the Arizona home. Eventually, Dianne applied for and received a permanent protective order against Andrew in September 2016 and obtained exclusive possession of the Arizona home.

At Andrew's request, the parties participated in conciliation. Andrew filed, then later withdrew, a motion to dismiss for lack of jurisdiction. He also requested

temporary support and attorney fees. On January 3, 2017, the court granted Andrew $1000 per month in temporary spousal support. Andrew made minimal effort to find employment during the two years the parties were separated.

The dissolution proceeded to trial on January 24 and 25, 2018. The decree was entered on February 21. The court awarded each party all the property, accounts, and any debt in their name. The court awarded the Arizona house to Dianne, ordering Dianne pay a cash settlement to Andrew for half the equity in the home. The district court awarded Andrew $1500 per month in spousal support for twenty-four months. Finally, the court ordered Dianne pay $10,000 toward Andrew's attorney fees. Dianne appeals the decree's cash settlement, the spousal support, and attorney-fee provisions. Andrew cross-appeals, requesting $20,000 from Dianne's self-employment retirement account. Both parties request appellate attorney fees.

## II.      Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). We examine the entire record and determine anew the issues properly presented. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 741 (Iowa 1993). "We . . . will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014) (citation omitted).

### III.    Spousal Support

The district court found a spousal support award of $1500 from Dianne to Andrew for a period of twenty-four months was appropriate.  Spousal support is not an absolute right.  *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976).  Whether spousal support is proper depends on the facts and circumstances of each case.  *In re Marriage of Brown*, 487 N.W.2d 331, 334 (Iowa 1992).  When determining whether spousal support is appropriate, we consider the relevant factors found in Iowa Code section 598.21A (2015).  *In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007).

Rehabilitative, or transitional, spousal support reflects the disparity in the parties' earning capacities and provides limited financial assistance to allow the receiving spouse to improve his or her employment ability.  *In re Marriage of Smith*, 573 N.W.2d 924, 926–27 (Iowa 1998).  The district court's decree noted the couple's "comfortable standard of living" and the large disparity in their respective earning capacities.  Andrew testified it would take him two years to get his credentials to an employable level.  While he paid for most of his own expenses, for six of the nine years of their marriage Andrew lived in homes where Dianne made the monthly mortgage payment, benefiting from her higher income.

The district court's award is reasonably calculated to provide Andrew the same support he enjoyed during the marriage to give him an opportunity to update his skills and improve his earning capacity.  We find the court's award of short-term spousal support equitable under the circumstances.

### IV.     Property Division

Throughout their marriage, the parties kept their finances substantially separate.  However, finances—particularly the division of joint costs and Andrew's contributions or lack thereof toward monthly expenses—constituted a major point of conflict throughout their marriage.  Only one piece of property has both parties named as owners—the Arizona house.[1]  Andrew and Dianne each contributed $30,000 for the down payment of their Arizona home in April 2014, and both are listed on the deed.  Dianne paid the monthly mortgage payments on the couple's Arizona home while Andrew paid housing association fees and some utilities.

"[M]arriage does not come with a ledger."  *Fennelly*, 737 N.W.2d at 103.  "[W]e have never held or even insinuated that spouses should maximize their earning potential or risk being punished in the distribution of the parties' property."  *Id.*  "Property division and alimony should be considered together in evaluating their individual sufficiency."  *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998).

The district court's decree awarded the Arizona home to Dianne and ordered her to pay Andrew a $39,000 equalization payment—half the equity in the home.  Dianne claims Andrew's contribution to the down payment was a gift and any additional equity can be attributed to her mortgage payments.  She further claims Andrew did not contribute to the equity in the home and failed to substantially contribute to housing costs both in Iowa and Arizona.

---

[1]  Dianne was the sole owner of the Iowa house, and paid all mortgage payments on that home.  Andrew paid some property tax and utilities on the Iowa house during the marriage.

Andrew was on the deed to the Arizona home and provided half of the down payment. He lived there full-time until prohibited under a protective order in 2016. We find the house was a marital asset with each party contributing financially and otherwise. While the court awarded the house to Dianne, an equitable division of the marital asset requires an equalization payment of half the equity in the home to Andrew.

Andrew requests an additional $20,000 payment, terming it a return of a transfer he made to Dianne in October 2014 to lower the parties' joint tax obligation for the year.[2] The money was placed in a tax-protected retirement account in Dianne's name. The court awarded the retirement account and all other accounts in her name to Dianne and awarded Andrew all accounts in his name. Both parties are claiming the money as rightfully theirs based on an invisible ledger each has tallied up over the course of the marriage. The court determined the evidence did not support finding the money consisted of a loan and could not be tied to any particular asset.

Andrew has effectively been retired for the majority of the parties' marriage. He had ample opportunity to update his computer skills both in Iowa and Arizona. We view Andrew's contribution in helping with their joint tax burden in the same light as we view Dianne's payment of the mortgage for their homes and paying for travel for Andrew and his children—as done without view to eventual repayment due to both parties benefiting. Considering the court's division of accounts by the holder of the account, Dianne's ongoing obligation to pay spousal support to

---

[2] The parties filed joint tax returns through 2014; Andrew refused to file joint returns for 2015 and 2016, resulting in increased tax liability for Dianne.

Andrew, and the even split of the Arizona home equity despite uneven monetary contributions to the equity, we find the court's award of the retirement account to Dianne is equitable.

### V. Attorney fees

The court ordered Dianne to pay $10,000 of Andrew's trial attorney fees. We review a district court's decision granting trial attorney fees in a dissolution action for an abuse of discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). "Whether attorney fees should be awarded depends on the respective abilities of the parties to pay." *Id.* "[T]he fees must be fair and reasonable." *In re Marriage of Witten*, 672 N.W.2d 768, 784 (Iowa 2003) (citation omitted). The court noted both parties bore some responsibility for the length of the proceedings, their disagreements made trial necessary to resolution of the dissolution, and Andrew had very little ability to pay attorney fees compared to Dianne. When we evaluate Dianne's challenge to the district court's award of attorney fees, we find no abuse of discretion. We affirm the trial attorney-fee award.

Both parties request appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Sullins*, 715 N.W.2d at 255. In determining whether to award appellate attorney fees, we consider, "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Both parties appealed, and both parties responded to the other parties' claims on appeal. We determine each party should be required to pay his or her own appellate attorney fees.

We affirm the parties' dissolution decree.  Costs of this appeal are assessed equally to each party.

**AFFIRMED ON BOTH APPEALS.**